DECISION AND JUDGMENT ENTRY
{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, entered after a bench trial. The judgment ordered a foreclosure on a parcel of land and that the remaining $65,428.74 on the land contract be immediately due to appellants.
 {¶ 2} Appellants, James W. and Judith J. Monaghan, previously appealed the calculation of money owed on the land contract arguing that the lower court's finding of the amount owed under the land contract was against the manifest weight of the evidence. We held that the trial court's determinations were not against the manifest weight of the evidence. Monaghan v.Monazahian, 6th Dist. No. L-02-1099, 2003-Ohio-3440 at ¶ 12-13. However, we reversed, in part, and remanded the case for either an explanation as to how the court reached the figure ordered or a redetermination of the amount ordered, as we found no evidence in the record to support the finding of $65,428.74 due. Id.
 {¶ 3} The trial judge has now explained his rationale for the dollar amount set forth in his judgment. The parties entered into a land contract for a purchase price of $150,000 on March 30, 1990. Appellees, Majid Monazahian and Mojgan Mortazavi, made a down payment of $14,000. The remaining balance of $136,000 was to be paid in monthly installments of $1,313.76, beginning February 1, 1990, at an interest rate of ten percent per year. Appellees did not make their first payment until May 1990. Based on these facts, the court determined that appellees were required to pay interest during the months of February, March, and April 1990. At ten percent interest, the amount accruing on the $136,000 for three months was $3,400 [$136,000 x 10% x 1/4 (three months)]. The trial court determined, based on testimony, that the principal amount due under the land contract was $62,028.74 and then added the $3,400 of interest for the total sum of $65,428.74.
 {¶ 4} Appellants again appeal the trial court's determination of the dollar amount remaining on the land contact. Their sole assignment of error is identical to the assignment of error in the previous appeal, stating that:
 {¶ 5} "The Lucas County Court of Common Pleas erred in its calculation of the final principal balance due under the land contract, in that it failed to properly account for the actual amounts paid, and the actual interest rate(s) charged, and therefore its finding that only $65,428.74 was due under the land contract was against the manifest weight of the evidence."
 {¶ 6} Appellants argue that appellees' late payments caused them to be in default and therefore the interest rate was changed from 10 percent to 12 percent for certain periods of time, increasing the amount due on the principal. They also argue for various reasons that the actual amounts paid were not properly calculated by the trial court and therefore the final amount owed should be increased. However, we will not revisit the issue of amounts paid or actual interest rate(s) charged because we upheld the trial court's determinations on these points in the previous appeal. We will therefore consider only the issue of the trial court's explanation of how it reached the final figure of $65,428.74.
 {¶ 7} It is well-settled that "an appellate court should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80.
 {¶ 8} After review of the record, we conclude that the trial court's calculations are based upon competent and credible evidence which support the conclusion that $65,428.74 was the amount remaining on the land contract ($62,028.74 + $3,400). Accordingly, we find that the assignment of error is not well taken.
 {¶ 9} On consideration whereof, the court finds that substantial justice has been done in that the trial court's explanation of the amount owed is sufficient. We therefore affirm the trial court's ruling pertaining to the dollar amount owed. Appellants are ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J. Mark L. Pietrykowski, J. Judith AnnLanzinger, J. concur.